UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

AMOS JACKSON,

               Petitioner,

        v.

U.S. DISTRICT COURT,

              Respondent.

Case No. CV 18-00325-GW (DFM)

ORDER TO SHOW CAUSE

     On January 12, 2018, Amos Jackson ("Petitioner") filed pro se a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging his convictions and 245-years-to-life sentence for six counts of robbery and possession of a firearm by a felon. See Dkt. 1 ("Petition").[1] The Petition raises six claims: (1) ineffective assistance of trial counsel for failing to request a limiting instruction regarding Petitioner's prior convictions and for failing to object to the prosecution's questions regarding Petitioner's criminal propensity; (2) prosecutorial error for excusing the sole African-American prospective

---

[1] Citations to the Petition and its attachments use the CM/ECF pagination.

juror; (3) trial court error for failing to exclude DNA evidence because of an inadequate chain of custody; (4) insufficient evidence supports the trial court's ruling that Petitioner had two prior strike convictions; (5) the cumulative effect of the errors violated Petitioner's due process rights; and (6) "Petitioner preserves for future review his claim that he should have been sentenced as a one strike offender under the Three Strikes Reform Act, pending the Supreme Court's decision on this issue." Id. at 3-8.

As noted by Respondent in its Motion to Dismiss, Ground Six does not appear to have been exhausted in state court. See Dkt. 17 ("Motion").[2] Ground Six was not raised in Petitioner's petition for review to the California Supreme Court. See LD 5. Petitioner states that he "recognizes that [the Three Strikes Reform Act] is currently before the Supreme Court [and] raises the issue only to preserve his claim for future review once the Supreme Court issues its decision in [People v. Conley, 215 Cal. App. 4th 1482 (2013)]." Petition at 8.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455

---

[2] Petitioner has not filed an opposition to the Motion.

U.S. 509, 518-19 (1982).

Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Ct., 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010). As previously discussed, Ground Six of the Petition is unexhausted; Petitioner's inclusion of that claim thus renders the Petition "mixed," containing both an exhausted and an unexhausted claim. Such petitions must generally be dismissed. See Lundy, 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731 (1991) (explaining that "state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"); Castille v. Peoples, 489 U.S. 346, 349 (1989) (finding that prisoner's "habeas petition should have been dismissed if state remedies had not been exhausted as to any of the federal claims").

In certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust any unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 277 (2005). For a Rhines stay, the petitioner must show (1) good cause for his failure to earlier exhaust the claim in state court, (2) that the unexhausted claim is not "plainly meritless," and (3) that he has not engaged in "abusive litigation tactics or intentional delay." Id. at 277-78.

The Supreme Court has not precisely defined what constitutes "good cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that "good cause" does not require "extraordinary circumstances." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017); Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake, 745

F.3d at 982. It is unclear from the face of the Petition whether Petitioner can meet the <u>Rhines</u> requirements, and in any event he has not requested a stay of these proceedings.

IT THEREFORE IS ORDERED that within 21 days of the date of this Order, Petitioner do one of the following:

(1)     file a Notice of Withdrawal of Ground Six and proceed on the exhausted claims, Grounds One through Five;

(2)     file a formal motion for a <u>Rhines</u> stay if he believes he can make the required showings detailed above;

(3)     request that Ground Six of the Petition be dismissed in order to seek a stay of the then fully exhausted Petition under <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003) (allowing for stays of fully exhausted federal petitions without showing of good cause), <u>overruling on other grounds recognized by Robbins v. Carey</u>, 481 F.3d 1143, 1149 (9th Cir. 2007), with the understanding that he will be allowed to amend any newly exhausted claims back into the Petition only if the claims are timely or "relate back" to the original exhausted claim, <u>see</u> <u>Mayle v. Felix</u>, 545 U.S. 644, 664 (2005); or

(4)     show cause in writing why this action should not be dismissed without prejudice for failure to exhaust state remedies.

Petitioner is expressly warned that his failure to timely comply with this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.

///
///
///
///
///
///

Petitioner is cautioned that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). The Court makes no representation that the Petition was timely filed under AEDPA or that any amended petition will be.

Dated:  June 21, 2018

DOUGLAS F. McCORMICK
United States Magistrate Judge